FILED

2012 MAY 10 P 1:13

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

HOFFMAN EMPLOYMENT LAWYERS, LLP
Michael Hoffman SBN 154481
mhoffman@employment-lawyers.com
Leonard Emma SBN 224483
lemma@employment-lawyers.com
333 Bush Street, Suite 2250
San Francisco, CA 94104
Tel (415) 362-1111
Fax (415) 362-1112

Attorneys for Plaintiff
CHARLES BREWER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

**CHARLES BREWER**

Plaintiff,

vs.

**GENERAL NUTRITION CORPORATION**, a Pennsylvania corporation,

Defendant.

CASE NO.: CV 12 2363 LB

**COMPLAINT**

1. Retaliation For Making Complaints (Cal. Gov't Code § 12940 *et seq.*);
2. Retaliation in Violation of Public Policy;
3. Wrongful Termination in Violation of Public Policy;
4. Race Discrimination (Cal. Gov't Code § 12940 *et seq.*);
5. Race Discrimination in Violation of Public Policy;
6. Failure to Prevent Discrimination (Cal. Gov't Code § 12940 *et seq.*);
7. Age Discrimination (Cal. Gov't Code § 12940 *et seq.*).

<u>**JURY TRIAL DEMANDED**</u>

-1-
Brewer v. GNC Corporation
Complaint

## I. INTRODUCTION

1. This is an action brought by Plaintiff CHARLES BREWER ("Plaintiff" or "Mr. BREWER") against GENERAL NUTRITION CORPORATION ("GNC" or "Defendant") in connection with claims arising from Plaintiff's employment with Defendant and the termination of that employment. Defendant discriminated, harassed, and retaliated against Plaintiff because of his race, age and retaliated against Plaintiff because he complained about Defendant's illegal practices of discrimination, failure to compensate employees for hours worked, failure to reimburse employees for expenditures or losses incurred in direct consequence of the Plaintiff's discharge of his duties, and failure to provide meal and rest breaks as required by law.

## II. JURISDICTION

2. Jurisdiction over Plaintiff's claims is proper under 28 U.S.C. §1332 as Plaintiff is a citizen of the State of California, GNC is a corporation domiciled in the state of Pennsylvania, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Jurisdiction is also invoked in this court pursuant to the public policy and common law of the State of California, pursuant to the holdings of of *Tameny v. Atlantic Richfield Company* (1980) 27 Cal. 3d 167 and *Rojo v. Kliger* (1990) 52 Cal. 3d 65

## III. VENUE

4. Venue is proper in the United States District Court, Northern District of California pursuant to 28 U.S.C. § 1391 because GNC is doing business in this District and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district.

## IV. PARTIES

5. Plaintiff is a resident of the Palo Alto, California. He is a fifty-eight (58) year-old male of African American descent. Plaintiff worked as a Sales consultant at the GNC locations in Mountain View and Palo Alto and as a Sales Consultant and Assistant Manager at the San

1  Mateo Location. Plaintiff was employed by Defendant from February 22, 2010 until he was
2  terminated on May 13, 2011.
3       6.     GNC is a corporation organized under Pennsylvania law and has been doing
4  business as GNC in the state of California.
5       7.     Plaintiff is informed and believes and thereon alleges that at all times mentioned
6  herein, each individual defendant was and is the agent, employee and servant of Defendant and
7  committed the occurrences, acts and omissions complained of herein while acting within the
8  scope of such agency, employment and servitude. Each defendant is responsible for the
9  occurrences, acts and omissions of each other defendant complained of herein.

## V. FACTUAL ALLEGATIONS

     8.     Mr. Brewer suffered an adverse employment action (termination) because he complained against Defendant for its practice of discrimination and for denying him proper compensation.

     9.     Plaintiff is informed and believes that Defendant has a policy of requiring one employee from each store make a bank deposit at the closing of each business day. Defendant requires employees to clock-out before leaving the store to make this deposit. The bank where Plaintiff was required to make his deposit was several miles away. Plaintiff was not paid for his time making the deposit nor was he reimburse for gas expenditures.

     10.     In May 2010, Plaintiff complained to his superiors about not being paid for taking deposits to the bank.

     11.     In September 2010, Plaintiff complained to superiors about racial slurs made by Plaintiff's superior.

     12.     In December 2010, he complained to his superiors about not getting reimbursed for gas expenditures.

     13.     In March 2011, Plaintiff again complained to his superiors about racial slurs. This complaint was made in regards to Plaintiff's manager telling Plaintiff to "control your

-3-
Brewer v. GNC Corporation
Complaint

people." Plaintiff is informed and believes that no action was taken to stop or remedy the racial slurs. The racial slurs continued.

14. On May 16, 2011, he again complained to his superiors about not being compensated for bank deposits and Defendant's on going failure of the Defendant to reimburse Plaintiff for gas expenditures made as a consequence of driving to the bank to make the Defendant's deposits.

15. On May 19, 2011, Defendant terminated Plaintiff under the pretext that it was for making adjustments to his time sheet, a generally permitted activity.

16. Plaintiff is informed and believes and thereon alleges that other individuals who were younger were also accused of making adjustments to time sheets and who were not terminated.

17. The conduct of Defendant described above was outrageous and was executed with malice, fraud and oppression, and with conscious disregard for Plaintiff's rights, and further, with the intent, design and purpose of injuring Plaintiff.

18. Defendant, through their officers, managing agents, and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct described herein above. By reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the time of trial.

19. In response to Defendant's wrongful conduct, on or about November 1, 2011, The California Department of Fair Employment and Housing ("DFEH") issued the Plaintiff a Right to Sue Letter base on his Complaint of Discrimination and Retaliation. A true and correct copy of the Complaint submitted to the EEOC and Notice of Right to Sue issued by the DFEH are attached hereto as Exhibit "A".

/ / /

/ / /

/ / /

## FIRST CAUSE OF ACTION:
## RETALIATION IN VIOLATION OF THE CALIFORNIA LABOR CODE
**(Against Defendant)**

20. Plaintiff re-alleges and incorporates paragraphs 1 through 19, as though fully set forth herein.

21. In order to protect his interests and rights, Plaintiff repeatedly reported what he reasonably believed to be improper and unlawful.

22. Plaintiff is informed and believes and thereon alleges that he was fired for exercising his rights under the California Labor Code. Such conduct violates Government Code § 98.6, 98.7, 230, and other sections of the Labor Code.

23. As a proximate and legal result of said retaliation, Plaintiff suffered emotional distress damages in an amount in excess of the minimum jurisdiction of this court and according to proof.

24. As a further proximate result of said retaliation, Plaintiff was required to and did retain attorneys and is therefore entitled to an award of attorney's fees according to proof pursuant to Labor Code § 218.5.

25. The above-mentioned conduct of Defendant constitutes oppression, fraud, and malice thereby entitling Plaintiff to an award of punitive damages. Plaintiff is informed and believes and thereon alleges that this advance knowledge, or act of oppression, fraud, or malice, or act of ratification or authorization were on the part of an agent and/or employee acting on behalf of Defendant.

## SECOND CAUSE OF ACTION:
## RETALIATION IN VIOLATION OF PUBLIC POLICY
**(Against Defendant)**

26. Plaintiff re-alleges and incorporates paragraphs 1 through 25, as though fully set forth herein.

27. Under California law, there is a fundamental and well-established public policy against discrimination, harassment or retaliation for reporting illegal activities, including, but not limited to, complaining about illegal practices of requiring employees to work off-the-clock,

-5-
Brewer v. GNC Corporation
Complaint


failing to reimburse employees for work related costs and depriving employees of rest periods. Said public policy is embodied in the Constitution of the State of California and California Labor Code §§ 98.6, 98.7, 230, and other sections of the Labor Code. Adverse employment actions taken by an employer in response to reporting illegal activity is contrary to said public policy and is thus actionable under the common law of said state.

28. Plaintiff suffered an adverse employment action (termination) because he opposed and complained about Defendant's practices of requiring him to work off-the-clock, failing to reimburse him for gas expenditures and denying him proper meal and rest periods.

29. The conduct of Defendant described herein above was outrageous and was executed with malice, fraud and oppression, and with conscious disregard for Plaintiff's rights, and further, with the intent, design and purpose of injuring Plaintiff.

30. Defendant, through its officers, managing agents, and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct described herein above. By reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the time of trial.

### THIRD CAUSE OF ACTION:
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
**(Against Defendant)**

31. Plaintiff re-alleges and incorporates paragraphs 1 through 30, as though fully set forth herein.

32. Under California law, there is a fundamental and well-established public policy against discrimination, harassment or retaliation for reporting illegal activities, including, but not limited to, complaining about illegal practices of depriving employees of meal periods, rest periods, or requiring them to work off-the-clock. Said public policy is embodied in the Constitution of the State of California and California Labor Code §§ 98.6, 98.7, 230, and other sections of the Labor Code. Adverse employment actions taken by an employer in response to

reporting illegal activity is contrary to said public policy and is thus actionable under the common law of said state.

33. Plaintiff was terminated because he opposed and complained about Defendant's practice of denying him proper meal and rest periods and requiring employees to work off-the-clock, and failing to reimburse employees for gas expenditures.

34. Plaintiff suffered an adverse employment action (termination) because he opposed and complained about Defendant's practices of requiring him to work off-the-clock, failing to reimburse him for gas expenditures and denying him proper meal and rest periods.

35. Defendant, through its officers, managing agents, and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct described herein above. By reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the time of trial.

**FOURTH CAUSE OF ACTION**
**RACE DISCRIMINATION**
**(Cal. Gov't Code § 12940 *et seq.*)**
**Against Defendant**

36. Plaintiffs incorporate paragraphs 1 through 36 as though set forth herein.

37. Under FEHA it is an unlawful employment practice to discriminate on the basis of race in an employment situation.

38. As described above, Defendant perpetrated discriminatory acts towards Plaintiff in the form of racial slurs and termination.

39. As described above, Plaintiff made Defendant aware of discriminatory conduct occurring in the work place being maintained by GNC.

40. Plaintiff has incurred, and will continue to incur, attorneys' fees in the prosecution of this action and therefore demand such reasonable attorney's fees and costs as set by this court. Notwithstanding notice of discrimination in the work place maintained by Defendant, Defendant took no steps to prevent such discrimination from occurring, and instead actually continued to perpetrate said discrimination.

41. The conduct of Defendant described herein above was outrageous and was executed with malice, fraud and oppression, and with conscious disregard for Plaintiff's rights, and further, with the intent, design and purpose of injuring Plaintiff.

42. Defendant, as individuals and/or through their officers, managing agents, and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct described herein above. By reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the time of trial.

## FIFTH CAUSE OF ACTION
## DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF PUBLIC POLICY
### (Tameny v. Atlantic Richfield)
### (Against Defendant)

43. Plaintiffs incorporate paragraphs 1 through 42 as though set forth fully herein.

44. Jurisdiction is invoked in this court pursuant to the public policy and common law of the State of California, pursuant to the case of Tameny v. Atlantic Richfield Company (1980) 27 Cal. 3d 167 and Rojo v. Kliger (1990) 52 Cal. 3d 65.

45. Under California law, there is a fundamental and well-established public policy against discrimination. Said public policy is embodied in the Constitution of the State of California and California Statutory law, including but not limited to Cal. Gov't Code § 12940.

46. This is a claim for relief arising from Defendant's causing, and its failure to prevent, racial discrimination against its African American employees.

47. Because of Defendant's failure to prevent racial discrimination, Plaintiff suffered adverse employment actions, including termination.

48. As a direct and proximate result of the actions of Defendant, including the discrimination against Plaintiff with respect to his employment, based upon his race, Plaintiff has suffered, and will continue to suffer, pain and extreme and severe mental anguish and emotional distress. Plaintiff has further suffered and will continue to suffer a loss of earnings and other employment benefits; whereby Plaintiff is entitled to general compensatory damages in amounts to be proven at trial.

49. The conduct of Defendant described above was outrageous and was perpetrated with malice, fraud and oppression and with conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff. Defendant, through its officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct describe herein above. By reason thereof, Plaintiff is entitled to an award of attorneys' fees and punitive damages in an amount according to proof at time of trial.

## SIXTH CAUSE OF ACTION
## FAILURE TO PREVENT DISCRIMINATION ON THE BASIS OF RACE
(Cal. Gov't Code § 12940 *et seq.*)
(Against Defendant)

50. Plaintiffs incorporate paragraphs 1 through 49 as though set forth fully herein.

51. Under FEHA, it is an unlawful employment practice to fail to take all reasonable steps to prevent employment discrimination on the basis of race.

52. As described above, Defendant perpetrated discriminatory acts towards Plaintiff by not taking immediate steps to stop the racial slurs directed at Plaintiff by his immediate supervisor.

53. As described above, Defendant was aware of discriminatory conduct occurring in the work place it maintained.

54. Plaintiff has incurred, and will continue to incur, attorneys' fees in the prosecution of this action and therefore demands such reasonable attorneys' fees and costs as set by this court. Notwithstanding notice of discrimination in the work place it maintained, Defendant took no steps to prevent such discrimination from occurring, and instead actually continued to perpetrate said discrimination. Moreover, Defendant refused to discipline individuals who discriminated against Plaintiff. This failure constitutes a breach of the Defendant's obligation to prevent discrimination on the basis of race.

55. Defendant has refused and continues to refuse to discipline, dismiss or discharge high management officials it knows, or should know, to have discriminated against Plaintiff on the basis of race, and to have condoned such discrimination.

56. As a result of Defendant's breach of its obligation to prevent discrimination, Plaintiff suffered said discrimination in the work place.

57. The conduct of Defendant described herein above was outrageous and was executed with malice, fraud and oppression, and with conscious disregard for Plaintiff's rights, and further, with the intent, design and purpose of injuring Plaintiff.

58. Defendant, through its officers, managing agents, and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct described herein above. By reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the time of trial.

### SEVENTH CAUSE OF ACTION:
### DISCRIMINATION BASED ON AGE
(Cal. Gov't Code § 12940 *et seq.*)
(Against Defendant)

59. Plaintiff re-alleges and incorporates paragraphs 1 through 58, as though fully set forth herein.

60. The California Fair Employment and Housing Act, Gov't Code §12900 *et seq.* ("FEHA"), makes it unlawful for an employer to discriminate against an employee on the basis of age.

61. Defendant, through its agents and employees, engaged in a practice of unlawful age discrimination in violation of Cal. Govt. Code § 12940 in connection with the terms and conditions of Plaintiff's employment and wrongful termination.

62. Plaintiff is informed and believes, and based thereon alleges that Defendant failed to take any and all reasonable steps to prevent the occurrence of discrimination based on age and retaliation against Plaintiff, and to take immediate and appropriate corrective measures to

remedy the discrimination and retaliation in the course of conduct set forth above, among other things.

63. Plaintiff is informed and believes, and thereon alleges that he suffered disparate treatment because of his age. Plaintiff further alleges that he was singled-out by Defendant and treated more harshly then his younger counter parts in matters of discipline and his ultimate termination.

64. Plaintiff is informed and believes, and based thereon further alleges that Defendants have failed and continue to fail to remedy the discriminatory, disparate and retaliatory actions taken against Plaintiff but have failed to take similar disciplinary action, including termination, against younger employees, such as for example, a female co-worker who also made changes to break and lunch clock-in times. Plaintiff believes and based thereon alleges the reason given for terminating Plaintiff were merely pretextual for the wrongful and illegal discrimination and termination, and that the true reason is because he complained to superiors about not being compensated for all hours worked, for not being reimbursed for travel cost directly associated with his employment, and because of his age.

65. As a direct and proximate result of the willful, knowing, and intentional discrimination against Plaintiff, and the failure to act by Defendants, Plaintiff has suffered loss of employment, loss of earnings, humiliation, mental distress anguish, and indignation. Plaintiff is thus entitled to general and special damages in amounts according to proof at trial.

66. These acts of Defendant as alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights. As such, punitive damages are warranted against Defendant in order to punish and make an example of their actions.

**PRAYER FOR RELIEF:**

Wherefore, Plaintiff prays for relief individually and on behalf of all others similarly situated as follows:

1. For general damages in amounts according to proof and in no event in an amount less than the jurisdictional limit of this court;
2. For special damages in amounts according to proof;
3. For punitive damages according to proof;
4. For premium pay penalties pursuant to California Labor Code Section 226;
5. For pre-judgment and post-judgment interest as provided by law;
6. For costs of suit incurred herein and attorneys' fees ;
7. For attorneys' fees pursuant to Government Code § 12965(b) and Civil Code 1021.5;
8. For such other and further relief as the Court deems fair and just.

Respectfully submitted,

DATED: May 9, 2011

HOFFMAN EMPLOYMENT LAWYERS, LLP

Michael Hoffman
Leonard Emma
Attorneys for Plaintiff CHARLES BREWER

Exhibit A

Case 3:12-cv-02363-LB   Document 1   Filed 05/10/12   Page 14 of 18



STATE OF CALIFORNIA | State and Consumer Services Agency            GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**     DIRECTOR PHYLLIS W. CHENG
(800) 884-1684 | Videophone for the DEAF (916) 226-5285
TTY: (800) 700-2320 | www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

September 9, 2011

CHARLES BREWER
2347 Poplar Ave
Palo Alto, CA  94303

RE:   E201112M0181-00-ase/37AB108708
<u>BREWER/GENERAL NUTRITION</u>

Dear CHARLES BREWER:

### NOTICE OF CASE CLOSURE

The consultant assigned to handle the above-referenced discrimination complaint that was filed with the Department of Fair Employment and Housing (DFEH) has recommended that the case be closed effective September 9, 2011. Please be advised that this recommendation has been accepted.

Based upon its investigation, DFEH is unable to conclude that the information obtained establishes a violation of the statute. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint.

This letter is also your Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. This is also applicable to DFEH complaints that are filed under, and allege a violation of Government Code section 12948 which incorporates Civil Code sections 51, 51.7, and 54. The civil action must be filed within one year from the date of this letter. However, if your civil complaint alleges a violation of Civil Code section 51, 51.7, or 54, you should consult an attorney about the applicable statutes of limitation. If a settlement agreement has been signed resolving the complaint, it is likely that your right to file a private lawsuit may have been waived.

| HEADQUARTERS | BAKERSFIELD | FRESNO | LOS ANGELES | BAY AREA | SAN JOSE |
|---|---|---|---|---|---|
| 2218 Kausen Drive | 4800 Stockdale Highway | 1277 E. Alluvial Avenue | 1055 West 7th Street | 39141 Civic Center Drive | 2570 N. First Street |
| Suite 100 | Suite 215 | Suite 101 | Suite 1400 | Suite 410 | Suite 480 |
| Elk Grove, CA 95758 | Bakersfield, CA 93309 | Fresno, CA 93720 | Los Angeles, CA 90017 | Fremont, CA 94538 | San Jose, CA 95131 |
| (916) 478-7251 | (661) 395-2729 | (559) 244-4760 | (213) 439-6799 | (510) 789-1085 | (408) 325-0344 |

Notice of Case Closure
Page Two

In that your case is dual filed with the United States Equal Employment Opportunity Commission (EEOC), you have a right to request EEOC perform a substantial weight review of our agency's findings. To secure this review, you must request it in writing to the State and Local Coordinator at:

☐ 350 The Embarcadero, Suite 500, San Francisco, CA 94105, (415) 625-5600 (Northern California).

☐ 255 East Temple St., 4th Floor, Los Angeles, CA 90012, (213) 894-1000 (Southern California).

This request must be made within fifteen (15) days of your receipt of the letter closing your case. Pursuant to Government Code section 12965, subdivision (d)(1), your right to sue may be tolled during the pendency of EEOC's review of your complaint.

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*[signature]*

Kate Riley
Regional Administrator
Oakland District

cc:   Case File

Michelle Murray
Regional Sales Director
GENERAL NUTRITION
393 Hillsdale Mall
San Mateo, CA  94403

DFEH-200-08ew (04/09)
MUWAKAHO



STATE OF CALIFORNIA | State and Consumer Services Agency  GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**  DIRECTOR PHYLLIS W. CHENG
(800) 884-1684 | Videophone for the DEAF (916) 226-5285
TTY: (800) 700-2320|www.dfeh.ca.gov |email: contact.center@dfeh.ca.gov

November 1, 2011

CHARLES BREWER
2347 Poplar
Palo Alto, CA 94111

RE: E201112M5478-00-rc
BREWER/GENERAL NUTRITION CORP

Dear CHARLES BREWER:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective November 1, 2011 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

| HEADQUARTERS | BAKERSFIELD | FRESNO | LOS ANGELES | BAY AREA | SAN JOSE |
|---|---|---|---|---|---|
| 2218 Kausen Drive Suite 100 Elk Grove, CA 95758 (916) 478-7251 | 4800 Stockdale Highway Suite 215 Bakersfield, CA 93309 (661) 395-2729 | 1277 E. Alluvial Avenue Suite 101 Fresno, CA 93720 (559) 244-4760 | 1055 West 7th Street Suite 1400 Los Angeles, CA 90017 (213) 439-6799 | 39141 Civic Center Drive Suite 410 Fremont, CA 94538 (510) 789-1085 | 2570 N. First Street Suite 480 San Jose, CA 95131 (408) 325-0344 |

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Kate Riley
Regional Administrator
Oakland District

cc:   Case File

Marian Wagner
Hr
gnc
1782217th Street
Tustin, CA  92789

DFEH-200-43 (06/06)

# \*\*\* EMPLOYMENT \*\*\*

| COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT | DFEH # | E201112M5478-00 |
|---|---|---|
| | | DFEH USE ONLY |

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (indicate Mr. or Ms.) | | TELEPHONE NUMBER (INCLUDE AREA CODE) | |
|---|---|---|---|
| **BREWER, CHARLES** | | (415)362-1111 | |
| ADDRESS | | | |
| **2347 POPLAR** | | | |
| CITY/STATE/ZIP | COUNTY | | COUNTY CODE |
| **PALO ALTO, CA 94111** | **SAN MATEO** | | 081 |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | | TELEPHONE NUMBER (Include Area Code) | |
|---|---|---|---|
| **GENERAL NUTRITION CORP** | | (714)730-7288 | |
| ADDRESS | | DFEH USE ONLY | |
| **SIXTY 31ST AVENUE, CA 94403** | | | |
| CITY/STATE/ZIP | COUNTY | | COUNTY CODE |
| **SAN MATEO, CA 94403** | **SAN MATEO** | | 081 |
| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) | RESPONDENT CODE | |
| **150+** | **05/19/2011** | **00** | |

THE PARTICULARS ARE:

I allege that on about or before 05/19/2011, the following conduct occurred:

- X termination
- ___ laid off
- ___ demotion
- ___ harassment
- ___ genetic characteristics testing
- ___ constructive discharge (forced to quit)
- ___ impermissible non-job-related inquiry

- ___ denial of employment
- ___ denial of promotion
- ___ denial of transfer
- ___ denial of accommodation
- ___ failure to prevent discrimination or retaliation
- X retaliation
- ___ other (specify) _____

- ___ denial of family or medical leave
- ___ denial of pregnancy leave
- ___ denial of equal pay
- ___ denial of right to wear pants
- ___ denial of pregnancy accommodation

by **GENERAL NUTRITION CORP**

|  | Name of Person | Job Title (supervisor/manager/personnel director/etc.) |
|---|---|---|

because of:
- ___ sex
- ___ age
- ___ religion
- X race/color
- ___ national origin/ancestry
- ___ marital status
- ___ sexual orientation
- ___ association
- ___ disability (physical or mental)
- ___ medical condition (cancer or generic chracteristic
- ___ other (specify) _____
- X retaliation for engaging in protected activity or requesting a protected leave or accommodation

State of what you believe to be the reason(s) for discrimination: **RETALIATION**

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matter stated on my information and belief, and as to those matters I believe it to be true.

Dated 11/01/2011

At **SF**

DATE FILED: 11/01/2011

DFEH-300-03o (02/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING                                                                         STATE OF CALIFORNIA